# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UCHECHI AMUNEKE-NZE a/k/a ESTHER,** *Plaintiff* | § § § § | |
| **v.** | § § § | |
| **KELLY CRAIN, MARK TICER, WALTERS BALIDO & CRAIN, LLP, ASHLEY WHATLEY, GREGORY R. AVE, PERRY LAW P.C., STACY THOMPSON, GEICO COUNTY MUTUAL INSURANCE COMPANY, JAMES MORENO, TOINETTE DUBOSE, MATTHEW WHITE, CATHY JACKSON, RHONDA PINSON, ANTOINETTE REAGOR, KELLIE JURICEK, SADAF RAJPUT, and MARISSA GOMEZ,** *Defendants* | § § § § § § § § § § § § § § § § | **Case No. 1:23-CV-00337-RP-SH** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE**

Now before the Court is Plaintiff's Amended Complaint, filed July 6, 2023 (Dkt. 11).[1] Plaintiff

Uchechi Amuneke-Nze alleges that after her car was totaled in an automobile accident in October

2020, she submitted an insurance claim with her insurer, GEICO County Mutual Insurance

Company. Dkt. 11 (Amended Complaint) ¶ 34. After GEICO allegedly failed to fulfill its

obligations under the policy, Plaintiff filed a lawsuit in state court against GEICO, employees

James Moreno, Shane Wheeler, and Donald Pruett, and attorneys Meloney Perry and Stacy

---

[1] On July 11, 2023, the District Court referred this case to this Magistrate Judge for a recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 15.

Thompson, alleging breach of contract, insurance bad faith, and a violation of Texas Insurance Code § 542.057.[2] *See Amuneke Nze v. GEICO Cas. Co.*, DC-22-13842 (68th Dist. Ct., Dallas Cnty. Sept. 20, 2022).

Plaintiff's claims against Wheeler, Perry, and Thompson were dismissed before trial. *Id.* On February 21, 2023, Plaintiff appealed the order dismissing Wheeler and Perry to the Court of Appeals for the Fifth District of Texas at Dallas. *Amuneke-Nze v. Perry*, No. 05-23-00175-CV (Tex. App.—Dallas Feb. 24, 2023). The Fifth Court of Appeals ordered Plaintiff to file a letter brief addressing its jurisdiction because she appealed an interlocutory order dismissing only two of six defendants, then dismissed her appeal for failure to file the brief. *Amuneke-Nze v. Perry*, No. 05-23-00175-CV, 2023 WL 4101376, at *1 (Tex. App.—Dallas June 21, 2023, no pet. h.).

A jury trial was held on Plaintiff's remaining claims against GEICO, Moreno, and Pruett on May 2, 2023. *Amuneke Nze*, DC-22-13842. At trial, defendants moved for a directed verdict on Plaintiff's claims for breach of contract, statutory bad faith, fraud, fraud by non-disclosure, violations of the Texas Prompt Payment of Claims Act, and conversion. *Id.* The court granted defendants' motion and entered a final judgment on May 3, 2023. *Id.*

Plaintiff filed this case on March 28, 2023, while her appeal to the Fifth Court of Appeals was pending. Dkt. 1. In her amended complaint, her live pleading, Plaintiff brings claims against GEICO, Moreno, law firms and attorneys who represent GEICO, employees of the Texas Department of Insurance, and Texas state court employees. Plaintiff alleges claims for violations of her First and Fourteenth Amendment rights under 42 U.S.C. § 1983; violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; violations of Texas

---

[2] The Court may take judicial notice of state court records under Federal Rule of Evidence 201(b)(2). *See Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 666 n.11 (5th Cir. 2022) (taking judicial notice of state court record).

Insurance Code §§ 541.060(a), 542.057; and state law claims for breach of contract, fraud, conversion, and fraudulent misrepresentation. She seeks damages, declaratory and injunctive relief, and attorney's fees and costs.

## I. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute is designed to ensure that "indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating that she cannot pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. To prevent such abusive litigation, § 1915(e) authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time" if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable basis in fact "if, after

providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Id.* at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

## A.  Section 1983 Claims

### 1.  Judicial Employees

Plaintiff brings a First Amendment right of access to the courts claim against three employees of the Dallas County Court in their individual capacities for their roles in her state court case: Deputy Clerk Marissa Gomez, Court Clerk Kellie Juricek, and Court Reporter Antoinette Reagor. Plaintiff alleges that Gomez and Juricek "refus[ed] to reschedule or schedule [her] court hearings" and Reagor "refus[ed] to respond to multiple transcript requests and intentionally with[eld] appellate records." Dkt. 11 ¶¶ 19-20, 22. Plaintiff sues Gomez, Juricek, and Reagor for damages.

Courts have found that judicial employees such as clerks of court and law clerks "enjoy absolute quasi-judicial immunity when performing a ministerial function at the direction of the judge." *Cain v. City of New Orleans*, 184 F. Supp. 3d 379, 389 (E.D. La. 2016) (cleaned up). When a judicial employee "acts as the arm of the judge," they come within the judge's absolute immunity whether they act "in bad faith or with malice." *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Although court clerks enjoy a "narrower ambit of immunity than judges," they "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for

damages." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). Because it is unclear from Plaintiff's allegations whether Gomez, Juricek, and Reagor were acting pursuant to court order or at a judge's direction, the Court considers whether they are entitled to qualified immunity.

Public officials are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority, unless their conduct violates a "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The threshold issue in any qualified immunity analysis is "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

Access to courts is protected by the First Amendment right to petition for redress of grievances. *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *see also Ryland v. Shapiro*, 708 F.2d 967, 974-75 (5th Cir. 1983) (recognizing the right to access claim outside the prison context). The right of access protects against government action that either delays or blocks a plaintiff's ability to file suit altogether. *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994). In characterizing the right of access as a "right to initiate suit," *id.* at n.8, the Fifth Circuit Court of Appeals seemed to "foreclose the possibility that the right of access can be violated once a suit is filed." *LaBarbara v. Angel*, 95 F. Supp. 2d 656, 665 (E.D. Tex. 2000).

The Court finds that Plaintiff does not allege a violation of her First Amendment rights. She does not claim that she was delayed or prevented from initiating suit, only that government actors hindered her ability to litigate that suit. The right of access is not implicated under these circumstances. *See id.* (holding that to state claim, plaintiff must allege that defendants were successful "to some extent" in preventing plaintiff from initiating suit); *Spears v. McCraw*, No. A-17-CA-1105-RP, 2019 WL 3754218, at *8 (W.D. Tex. Aug. 8, 2019) ("In short, *Foster* clarified

that if a plaintiff is able to file suit, the right is simply not implicated."), *R. & R. adopted in part*, 2019 WL 13019924 (W.D. Tex. Aug. 30, 2019), *aff'd*, No. 20-50406, 2021 WL 3439148 (5th Cir. Aug. 5, 2021). Because Plaintiff has not alleged a violation of the First Amendment, the Court recommends that the District Court dismiss the claims against Gomez, Juricek, and Reagor on the basis of qualified immunity.

## 2. GEICO

Plaintiff alleges a claim for violation of the Fourteenth Amendment's Due Process Clause against GEICO. She alleges that "GEICO never gave Esther notice when they decided to condition payment on signing over her title [to her vehicle]. Their actions deprived Plaintiff of her right to determine the sell price for her property—and prevented her from selling it too." Dkt. 11 ¶ 81.

To state a claim under § 1983, a plaintiff must allege that the person who deprived him of a federal right was acting under color of law.[3] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Thus, for private citizens to be liable under § 1983, Plaintiff would have to show a conspiracy between GEICO and state actors. *See id.* She alleges no facts supporting a conspiracy between GEICO and state actors in relation to this claim. The Court recommends that Plaintiff's Fourteenth Amendment claim against GIECO should be dismissed.

## 3. Texas Department of Insurance

Plaintiff also brings a Fourteenth Amendment claim for damages against three employees of the Texas Department of Insurance in their individual capacities: Cathy Jackson, Toinette Dubose, and Matthew White. She alleges that after reviewing her complaints, Jackson, Dubose, and White "refus[ed] to make GEICO pay their appraisal amount" and "never notified her of their reasons for doing so" or "offer[ed] any information about an appeals or hearing process." Dkt. 11 ¶ 83.

---

[3] Section 1983 serves as the proper vehicle to pursue Fourteenth Amendment claims. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994).

Judges have absolute judicial immunity from suit for their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity extends to administrative officials performing functions closely associated with the judicial process because the role of the hearing examiner or administrative law judge is "'functionally comparable' to that of a judge." *Butz v. Economou*, 438 U.S. 478, 513 (1978). Courts also have extended this immunity to those who serve as "arbiters" of a claim in an administrative proceeding. *Council v. Hood*, No. 3:20-CV-01618-N (BT), 2021 WL 3744205, at *4 (N.D. Tex. July 8, 2021), *R. & R. adopted*, No. 3:20-CV-01618-N (BT), 2021 WL 3742470 (N.D. Tex. Aug. 24, 2021). Because Plaintiff's claim relates to Jackson, Dubose, and White's role as arbiters of the complaints she submitted to the Texas Department of Insurance, the Court finds that they are entitled to absolute quasi-judicial immunity from her claim for damages.

Even if qualified rather than absolute immunity applies, Plaintiff still fails to state a claim for a violation of her Fourteenth Amendment rights. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." CONST. AMEND. XIV. The Fourteenth Amendment's Due Process Clause has two components: (1) a guarantee of procedural protections when a state seeks to deprive an individual of protected liberty or property interests, and (2) a substantive protection against conduct that "shocks the conscience." *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016). To state a claim for denial of procedural due process, a plaintiff must allege that she was deprived of a protected liberty or property interest. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

To have a property interest in a benefit, "a person clearly must have more than an abstract need or desire for it. He must, instead have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Such interests are not created by the Constitution, but must be found in an independent source such as state law. *Id.* A benefit is not a protected

entitlement if government officials may grant or deny it in their discretion. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005).

Plaintiff has not a protected interest in the Texas Department of Insurance's regulation of GEICO but a unilateral expectation. Because the actions forming the basis of her complaint are discretionary under Texas Insurance Code § 82.053 (stating that "the commissioner may direct the holder of an authorization to make complete restitution"), Texas law does not create an entitlement. *See Town of Castle Rock*, 545 U.S. at 763-64 (holding that plaintiff had no entitlement to police enforcement action because action was not mandatory); *Wigginton v. Jones*, 964 F.3d 329, 337 (5th Cir. 2020) (holding that plaintiff had no entitlement to tenure because tenure policies were not mandatory).

Nor do the allegations shock the conscience for purposes of a substantive due process claim. *Reyes v. North Texas Tollway Auth., (NTTA)*, 861 F.3d 558, 562 (5th Cir. 2017) ("The substantive component of the Due Process Clause is violated by *executive* action only when it can properly be characterized as arbitrary, or conscience shocking in the constitutional sense.") (cleaned up). The Court recommends that Plaintiff's Fourteenth Amendment claims against Jackson, Dubose, and White should be dismissed.

### B.  RICO Claim

To state a civil RICO claim under 18 U.S.C. § 1962, a plaintiff must allege (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). To establish a "pattern of racketeering activity," a plaintiff must allege "two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). The RICO statute proscribes various

categories of predicate acts that may constitute racketeering activity, including extortion and mail and wire fraud. 18 U.S.C. § 1961(1). Section 1961 defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 673 (5th Cir. 2015) (quoting 18 U.S.C. § 1961(4)). An enterprise "(1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Id.* (citation omitted).

Plaintiff alleges that GEICO "operates Stonewall & Auto Theft enterprise," which consists of GEICO and its employees, the law firms that represent GEICO, and employees of the Texas Department of Insurance. Dkt. 11 ¶ 91. Plaintiff claims that the enterprise "work[s] together to help GEICO fraudulently gain possession of and ownership over totaled vehicles and ensure that GEICO pays claimants as little as possible." *Id.* ¶¶ 91-92.

The Court finds that these allegations are insufficient to allege that these entities "functioned as a continuing unit" or had the necessary structure to be a RICO enterprise. *Plambeck*, 802 F.3d at 673; *see also Stanissis v. DynCorp Int'l LLC*, No. 3:14-CV-2736-D, 2015 WL 9478184, at *4 (N.D. Tex. Dec. 29, 2015) (dismissing RICO claim because plaintiff failed to allege facts that plausibly suggested that "the entities functioned as a continuing unit").

Plaintiff also fails to plausibly allege that GEICO committed the requisite predicate acts. Plaintiff states that GEICO committed extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, because GEICO told her that "she wouldn't receive her claim payment until she transferred ownership of her property to GEICO," which "literally prevented Esther from getting a really good deal on a vehicle for sale in neighboring Oklahoma." Dkt. 11 ¶¶ 93-94. Conclusory allegations

that do not suggest threatening conduct are not sufficient to allege extortion. *See Robinson v. Standard Mortg. Corp.*, 191 F. Supp. 3d 630, 643-44 (E.D. La. 2016). Plaintiff's allegation that GEICO violated federal mail and wire fraud laws is similarly devoid of factual support. *See* Dkt. 11 ¶ 95. The Court recommends that Esther's RICO claim should be dismissed for failure to plausibly allege the existence of an enterprise or pattern of racketeering activity.

### C.  State Law Claims

If the District Court accepts the recommendations above, only claims under Texas law would remain. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C § 1367(c). The court has wide discretion to remand or dismiss state law claims when the federal claims to which they are pendent are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998). "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). The Court recommends that the District Court decline to exercise pendent jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice to refiling in state court.

## II. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit under 28 U.S.C. § 1915(e)(2)(B). The Court recommends that Plaintiff's claims under RICO and § 1983 be dismissed with prejudice and her state law claims dismissed without prejudice to refiling in state court. Service on Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### III. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 17, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

11